# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE MEAD,

    Petitioner,

vs.

ROBERT LEGRAND, *et al.*,

    Respondents.

3:12-cv-0541-LRH-WGC

**ORDER**

    George Mead, a Nevada prisoner, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF No. 1-2 through 1-5, ), a motion for leave to file longer than normal petition (ECF No. 1-1) and a motion to extend his prison copywork limit (ECF No. 1-7). The petition shall be filed and will now be served upon the respondents.

    Petitioner also filed a motion for leave to proceed *in forma pauperis* (ECF No. 1), and a motion for appointment of counsel (ECF No. 1-6). The motion for leave to proceed *in forma pauperis* shall be granted because the application to proceed *in forma pauperis,* including the financial certificate, establishes that the petitioner qualifies for *in forma pauperis* status. He shall be granted leave to proceed *in forma pauperis,* and shall not be required to pay the filing fee for his habeas corpus petition.

    There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must

1  be appointed if the complexities of the case are such that denial of counsel would amount to a denial
2  of due process, and where the petitioner is a person of such limited education as to be incapable of
3  fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d
4  948 (8th Cir. 1970).

5      The petition on file in this action is well written and sufficiently clear in presenting the issues
6  that petitioner wishes to bring. It does not appear that counsel is justified in this instance. The
7  motion shall be denied.

8      Petitioner informs the court that he has "reached or exceeded" his $100 copywork limit and
9  seeks additional funds in order to properly pursue these habeas proceedings. This motion shall be
10 granted to the extent that the prison administration and staff shall be directed to allow petitioner an
11 additional $25 in copywork funds to be used exclusively in this action.

12     **IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF
13 No. 1) is **GRANTED**.

14     **IT IS FURTHER ORDERED** that the Motion to File a Longer Than Normal Petition (ECF
15 No. 1-1) and the Motion to Extend Copywork (ECF No. 1-7) are **GRANTED.** The Clerk shall
16 **detach and file the Petition and other motions.** The Clerk shall **electronically SERVE** a copy of
17 the petition for writ of habeas corpus and other motions (and a copy of this order) upon respondents.
18 Respondents shall provide a copy of this Order to the prison administration at the facility wherein
19 petitioner is being housed. Prison administration shall allow petitioner an additional twenty five
20 dollars ($25) in copywork to be used exclusively in this action.

21     **IT IS FURTHER ORDERED** that the Motion for Appointment of Counsel (ECF No. 1-6)
22 is **DENIED.**

23     **IT IS FURTHER ORDERED** that the respondents shall file and serve a notice of
24 appearance of counsel within ten days of service of this Order.

25     **IT IS FURTHER ORDERED** that respondents shall have forty-five days from entry of this
26 Order to file and serve an answer or other response to the habeas corpus petition.

27     **IT IS FURTHER ORDERED** that, if respondents file a motion to dismiss in response to the
28 habeas petition, petitioner shall have **30 days** to respond to such motion, and respondents shall,

thereafter, have **20 days** to reply. If respondents file an answer in response to the Second Amended Petition, petitioner shall have **30 days** to file a reply to the answer.

**IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every document he submits for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The Court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

DATED this 28th day of January, 2013.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE