UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GEORGE MEAD,

    Petitioner,

v.

ROBERT LeGRAND, et al.,

    Respondents.

Case No. 3:12-cv-00541-MMD-WGC

ORDER

In this action on a petition for writ of habeas corpus, George Mead, a recently released Nevada convict, in proper person, moves the Court for a change of venue (dkt. no. 11), for leave to access the Court's electronic filing system (dkt. no. 12), and for appointment of counsel via a "supplemental" motion (dkt. no. 13).

Petitioner asks that the venue of this action be changed to the unofficial southern district because that is his place of residence and it would be difficult for him to litigate the matter in Reno.

Title 28 U.S.C.§ 1391(a) governs the appropriate venue for civil actions wherein jurisdiction is based on diversity of citizenship. Cases may be brought: (a) in the district where any defendant resides if all defendants reside in the same state, (b) in the district in which a substantial part of the events or omissions on which the claim is based occurred or where a substantial part of the property that is the subject of the action is situated, or (c) in the district in which the defendants are subject to personal jurisdiction at the time when the action is commenced. 28 U.S.C. § 1391(a).

In Nevada, there is but one district and a true change of venue would be improper because all of the parties and all of the incidents which are the subject of the action are located in this district. The respondent resides in the northern part of the state and defendant's counsel, a deputy attorney general, works in the northern part of the state. Also, when the action was commenced, petitioner resided in this part of Nevada. Thus, assignment of this case to the unofficial northern district was proper.

Petitioner's presumed voluntary relocation to Las Vegas, in the unofficial southern district, cannot be justification to reassign the case. Moreover, hearings in the courtroom are rare in these actions and if the need to address the Court were to arise, it is likely petitioner would be permitted to attend telephonically. The motion for change of venue will be denied.

The request to access the Court's electronic filing system will be granted. Pursuant to the United States District Court of the District of Nevada's Special Order #109, the ability to file electronically is reserved for attorneys unless the Court grants a non-attorney authorization to use the electronic filing system (CM/ECF).

Finally, petitioner renews his motion for appointment of counsel (dkt no. 13) based on his hospitalization and heart surgery, which occurred the end of last year. However, petitioner's health is not good cause to appoint counsel. If additional time is required for him to prepare pleadings or motions, requests for such relief will be liberally granted. The supplemental motion for counsel will be denied.

Having reviewed and considered the matter, and good cause appearing,

IT IS THEREFORE ORDERED that petitioner's Motion for Change of Venue (dkt. no. 11) is DENIED.

///

///

///

///

IT IS FURTHER ORDERED that petitioner's motion for permission for electronic filing (dkt. no. 12) is GRANTED. Petitioner must comply with the following procedures in order to activate his CM/ECF account:

    a. Within thirty (30) days of entry of this Order, petitioner must provide certification that he has completed the CM/ECF tutorial and is familiar with Electronic Filing Procedures, Best Practices, and the Civil & Criminal Events Menu that are accessible on this court's website, www.nvd.uscourts.gov.

    b. Petitioner is not authorized to file electronically until said certification is filed with the Court within the time frame specified.

    c. Upon timely filing of the certification, petitioner shall contact Robert Johnson at the CM/ECF Help Desk at (702) 464-5555 to set up a CM/ECF account.

IT IS FURTHER ORDERED that the Supplemental Motion for Counsel (dkt no. 13) is DENIED.

DATED THIS 24th day of May 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE