UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE MEAD,<br><br>                  Petitioner,<br>v.<br><br>ROBERT LeGRAND, et al.,<br><br>                  Respondents. | Case No. 3:12-cv-00541-MMD-WGC<br><br>ORDER |

      In this action on a petition for writ of habeas corpus, petitioner seeks a waiver of the Pacer (Public Access to Court Electronic Records) fees (dkt. no. 35) and an extension of time within which to file his reply brief (dkt. no. 36). It is petitioner's third request for additional time.

      The respondents' Answer, which was filed on May 23, 2013, includes over 160 exhibits and the Answer itself is 57 pages. Petitioner indicates that he started to download the Answer the day it was filed. The following day, petitioner was granted leave to access and use the Court's CM/ECF digital docketing/filing program (dkt. no. 27), and he complied with the certification requirements to obtain that access. Petitioner, who is proceeding in *forma pauperis*, informs the Court that he was billed $113 by PACER for his usage during the second quarter of 2013. Petitioner avers that "[e]xcluding Petitioner's downloading of the State's Answer Petitioner's usage would not have exceeded Pacer's minimum billing threshold." (Dkt. no. 35.) Petitioner seeks a waiver of the fees only for purposes of obtaining a copy of the Answer and supporting exhibits.

According to the United States Courts Public Access to Court Electronic Records information website, http://www.pacer.gov/psc/faq.html, waiver of the fees can be granted by court order, upon the request of a party and only for that district. To qualify for the requested waiver, the movant must demonstrate that the waiver is necessary "to avoid unreasonable burdens and to promote public access to such information." *Id.* This standard was established by the Judicial Conference in formulating the policies and procedures for implementing the PACER program. *Id.*; *see also* http://www.uscourts.gov/News/NewsView/10-03-16/Judiciary_Approves_PACER_Innovations_To_Enhance_Public_Access.aspx, March 16, 2010.

This situation presents three concerns for the Court. First, as petitioner was not yet authorized to use the CM/ECF system at the time the Answer and supporting exhibits were filed, respondents were obligated to provide petitioner with copies of those documents. A review of the documents evidences a certificate of service for the Answer (dkt. no. 22) and a certificate of service for the Index of Exhibits (dkt. no. 23). There is no certificate of service for the actual exhibits, themselves. The failure to serve these documents on the petitioner is a violation of the Rule 5(b) of the Federal Rules of Civil Procedure and LR 5-1.

Second, it appears from petitioner's representations that he began downloading the Answer and exhibits before he was authorized to use the court's CE/ECF system. In order to have done so, petitioner would have had to acknowledge and accept the charges for such copies in the PACER system.

Third, the amount that petitioner claims to owe PACER for the download cannot be confirmed without providing the Court with a copy of the billing statement and

///
///
///
///
///

itemized list of documents for which he was charged.[1]

Thus, the motion will be denied without prejudice. If petitioner can provide adequate evidence to support a renewed motion, which demonstrates that he incurred the charges specifically for this action, the Court will entertain such a motion more favorably. Petitioner may file any supporting documentation under Seal to preserve confidentiality of financial or other personal information. Respondents will, however, be required to serve a copy of the exhibits in support of the answer to petitioner by mail and to file proof of such service with the Court within five (5) days of entry of this order.

Petitioner will be granted the extension of time he has requested. However, he is cautioned that further enlargements of time will only be granted on a showing of extraordinary circumstances.

It is therefore ordered that the motion for waiver of Pacer fees (dkt. No. 35) is denied without prejudice.

It is further ordered that the motion for enlargement of time (dkt. No. 36) is granted. The Reply brief will be filed within forty-five days of entry of this Order. Further enlargements of time for this purpose will only be granted upon a showing of extraordinary circumstances.

DATED THIS 1st day of October 2013.

_____
MIRANDA M. DU
UNITED STATED DISTRICT JUDGE

---

[1] The Court notes that PACER charges are $.10 per page, but are capped at $3.00 per document. PACER, Frequently Asked Questions, http://www.pacer.gov/psc/faq.html. If petitioner had downloaded the entire "document" found at dkt. nos. 22 (Answer - $3.00), 23 (Index of Exhibits - $1.20), 24-26 (Exhibits, Volumes I, II and III - $3.00 x 3= $9.00 ) and 28 (Supplemental Exhibits - $.50), he would have been charged no more than $13.70. The amount charged also depends on how petitioner downloaded the documents. For example, downloading the exhibits in sub-parts may result in different charges.