UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GEORGE MEAD,

                        Petitioner,

    v.

ROBERT LeGRAND, *et al.,*

                        Respondents.

Case No. 3:12-cv-00541-MMD-WGC

ORDER

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. This matter comes before the Court on the merits of the petition.

## I.  PROCEDURAL HISTORY

On January 18, 2006, in the Eighth Judicial District for the State of Nevada, the State filed an information charging petitioner with five counts of lewdness with a child under the age of 14. (Exh. 24.)[1] Petitioner underwent a competency examination and was found to be competent. (Exh. 40 at 13, 15, 16; Exh. 41 at 4, 8.) On March 25, 2009, the State filed an amended information, pursuant to negotiations, charging petitioner with one count of coercion. (Exh. 43.) Petitioner entered into a guilty plea agreement in which he pled guilty to the count in the amended information. (Exh. 42.) Pursuant to the guilty plea agreement, the State agreed not to oppose probation if petitioner's psychosexual evaluation determined that he was not a high risk to re-offend. (*Id.*) If petitioner was found

---

[1]The Exhibits referenced in this order are found in the Court's record at ECF Nos. 23, 24, 25, 26, and 28.

1   to be a high risk to re-offend pursuant to the psychosexual evaluation, the State retained

2   full right to argue. (*Id.*) The guilty plea agreement was signed and filed on March 25, 2009.

3   (*Id.*) That same day, petitioner entered his guilty plea before the state district court. (Exh.

4   41.)

5        On May 12, 2009, petitioner filed a motion to withdraw his guilty plea and motion

6   for appointment of new counsel. (Exh. 44.) Petitioner presented no factual allegations or

7   legal authority to support his motion. (*Id.*) The State opposed petitioner's motion. (Exh.

8   46.) In his reply to the State's opposition to the motion to withdraw his guilty plea,

9   petitioner asserted that he was depressed at the time he entered his guilty plea. (Exh. 47

10  at 2.)

11       At the hearing on petitioner's motion to withdraw his guilty plea, on May 27, 2009,

12  petitioner told the court that he was depressed on the day he entered his guilty plea. (Exh.

13  48 at 3.) Petitioner stated that he felt coerced because he had been free on bond prior to

14  being sent for a mental evaluation and that he would not be released unless he accepted

15  the plea at that time. (*Id.* at 3.) The state district court denied petitioner's motion to

16  withdraw his guilty plea, finding that the claim that he was depressed and therefore did

17  not knowingly, voluntarily, and intelligently enter his plea was belied by the record. (*Id.* at

18  5.) The court noted that its canvass of petitioner at the time he entered his guilty plea was

19  extremely thorough. (*Id.*) The court also noted that petitioner's psychosexual evaluation

20  found that he was at high risk to re-offend based on a conviction for gross misdemeanor

21  lewdness in 1993 and other prior convictions. (*Id.* at 6-7.)

22       At the sentencing hearing on June 10, 2009, petitioner made an oral motion to

23  strike the psychosexual evaluation, which the court denied. (Exh. 49 at 2-5.) The court

24  sentenced petitioner to 28 to 72 months in the Nevada Department of Corrections, with

25  45 days credit for time served. (*Id.* at 7.) Petitioner was ordered to register as a sex

26  offender upon release from prison. (*Id.*) The judgment of conviction was filed on June 12,

27  2009. (Exh. 50.)

28  ///

2

1    Petitioner appealed his judgment of conviction. (Exh. 51.) On February 3, 2010,

2    the Nevada Supreme Court filed an order affirming petitioner's conviction. (Exh. 62.)

3    Remittitur issued on May 13, 2010. (Exh. 75.)

4    On June 9, 2010, the Nevada Supreme Court dismissed petitioner's appeal from

5    a district court order denying his motion for withdrawal of attorney and delivery of records.

6    (Exh. 77.) Remittitur issued on July 7, 2010. (Exh. 89.)

7    On August 20, 2010, petitioner filed a motion for modification of his sentence in

8    which he alleged that when sentencing him, the state district court relied on errors in his

9    presentence investigation report and psychosexual evaluation. (Exh. 96.) On September

10   7, 2010, the state district court denied the motion for modification of sentence. (Exh. 100.)

11   Petitioner appealed. (Exh. 102.) On June 8, 2011, the Nevada Supreme Court affirmed

12   the denial of petitioner's motion for modification of his sentence. (Exh. 130.) The Nevada

13   Supreme Court denied petitioner's request for *en banc* reconsideration. (Exh. 135.)

14   Remittitur issued on November 14, 2011. (Exh. 137.)

15   On November 30, 2010, petitioner filed a post-conviction habeas petition in state

16   district court. (Exh. 114.) An evidentiary hearing was held in the state district court on

17   April 13, 2011. (Exh. 120.) By written order filed June 9, 2011, the state district court

18   denied the petition. (Exh. 131.) Petitioner appealed the denial of his post-conviction

19   habeas petition. (Exh. 127.) On April 11, 2012, the Nevada Supreme Court affirmed the

20   denial of the post-conviction habeas petition. (Exh. 152.) The Nevada Supreme Court

21   denied petitioner's petition for rehearing on June 13, 2012. (Exh. 158.) Remittitur issued

22   on August 27, 2012. (Exh. 162.)

23   Petitioner dispatched his federal habeas petition to this Court on October 1, 2012.

24   (ECF No. 5 at 1.) Respondents have filed an answer and exhibits. (ECF Nos. 22, 23, 24,

25   25, 26, 28.) On October 1, 2013, the Court ordered respondents to serve the exhibits on

26   petitioner and directed that a reply brief was due within 45 days. (ECF No. 37.) On

27   October 3, 2013, respondents filed a notice of compliance and proof that the exhibits were

28   served on petitioner. (ECF No. 38.) On October 10, 2013, respondents filed a second

1   response to the Court's order, with an attached email from petitioner acknowledging

2   receipt of the exhibits. (ECF No. 39.) The time for petitioner to file a reply has long since

3   expired. The Court now considers the merits of the petition.

4   **II.    FEDERAL HABEAS CORPUS STANDARDS**

5          The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. §

6   2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.

13  The AEDPA "modified a federal habeas court's role in reviewing state prisoner

14  applications in order to prevent federal habeas 'retrials' and to ensure that state-court

15  convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685,

16  693-694 (2002). A state court decision is contrary to clearly established Supreme Court

17  precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that

18  contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state

19  court confronts a set of facts that are materially indistinguishable from a decision of [the

20  Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's]

21  precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529

22  U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)). The

23  formidable standard set forth in section 2254(d) reflects the view that habeas corpus is

24  "'a guard against extreme malfunctions in the state criminal justice systems,' not a

25  substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S.

26  86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

27         A state court decision is an unreasonable application of clearly established

28  Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court

4

identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer,* 538 U.S. at 75 (quoting *Williams,* 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams,* 529 U.S. at 409). In determining whether a state court decision is contrary to, or an unreasonable application of, federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard,* 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied,* 534 U.S. 944 (2001).

In a federal habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the burden set in § 2254(d) and (e) on the record that was before the state court. *Cullen v. Pinholster,* 563 U.S. 170, 185 (2011).

## III.   DISCUSSION

### A.   Ineffective Assistance of Counsel Standard

Under *Strickland v. Washington,* 466 U.S. 668 (1984), a petitioner must show, first, that counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms. *Id.* at 688-90. Second, the petitioner must demonstrate that the identified acts or omissions of counsel prejudiced his defense. He must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Application of the *Strickland* test where ineffectiveness of counsel is alleged to have invalidated a plea has been defined as follows:

///

> [T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson, supra,* and *McMann v. Richardson, supra.* The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The modified *Strickland* prejudice standard in guilty plea cases asks whether there is a probability that, but for counsel's alleged errors, defendant would not have pleaded guilty, but would have insisted on going to trial. *Langford v. Day*, 110 F.3d 1380, 1387 (9th Cir. 1997).

The *Strickland* standard also applies to claims of ineffective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). To state a claim of ineffective assistance of appellate counsel, a petitioner must demonstrate: (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the resulting prejudice was such that the omitted issue would have a reasonable probability of success on appeal. *Id.* "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.* at 751-52. Petitioner must show that his counsel unreasonably failed to discover and file nonfrivolous issues. *Delgado v. Lewis*, 223 F.3d 976, 980 (9th Cir. 2000). It is inappropriate to focus on what could have been done rather than focusing on the reasonableness of what counsel did. *Williams v. Woodford*, 384 F.3d 567. 616 (9th Cir. 2004) (citation omitted).

## B.    Ground 1

Petitioner claims that he was denied his state-created right to reasonable bail when the state district court remanded him to custody without bail on February 25, 2009, without a hearing, in violation of Nevada Constitution Art. 1 § 7, NRS 178.499, NRS 178.532,

NRS 178.534, and NRS 178.538. Petitioner claims that the state district court had allowed him out on bail once he posted $60,000.00, but remanded him into custody for a competency hearing because his counsel checked a box on a form indicating that petitioner did not understand the adversarial nature of the legal process. Petitioner claims there was a communication difficulty between himself and his counsel regarding the fact that he refused to accept a plea bargain. Petitioner alleges that his trial counsel was ineffective for failing to properly object to him being remanded to custody for the purpose of determining his competency. Petitioner further claims that appellate counsel was ineffective for failing to raise this issue on direct appeal. (ECF No. 5 at 3; ECF No. 5-1, Attachment to Petition, Part (a), at 1-4.)

Petitioner's claim that the trial court denied his state-created right to bail is an issue of state law which is not cognizable as a federal habeas claim. A state prisoner is entitled to habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); *Engle v. Isaac*, 456 U.S. 107, 119 (1982). A federal writ may not issue on the basis of a perceived error of state law. *Pulley v. Harris*, 456 U.S. 37 (1984). Federal habeas corpus cannot be utilized to try state issues *de novo*. *Milton v. Wainwright*, 407 U.S. 371 (1972). The federal courts are not a state supreme court of errors. *Jammal v. Van de Kamp*, 926 F.2d 745 (9th Cir. 1991).

Moreover, a state court's interpretation of state law is binding upon a federal court in the context of a federal habeas corpus action. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). "A state's interpretation of its own laws or rules affords no basis for federal habeas corpus relief because no federal constitutional question arises." *Burkey v. Deeds*, 824 F. Supp. 190, 191 (D. Nev. 1993). It is settled law that habeas corpus relief is available only to correct errors of constitutional dimension. Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994).

///

1

2       Regarding the alleged denial of bail, the Nevada Supreme Court found as follows:

3       [A]ppellant failed to demonstrate that he was wrongfully denied bail.
        Appellant was remanded for a competency hearing and was released on
        his own recognizance after being found competent and entering his plea.

4   (Exh. 152 at 5.)

5       Additionally, because petitioner entered a guilty plea, he waived the issue of bail

6   because it occurred prior to the entry of his guilty plea. Even if the purported denial of bail

7   was an issue of federal constitutional dimension, the issue was waived by the entry of

8   petitioner's guilty plea. The United States Supreme Court has held that "when a criminal

9   defendant has solemnly admitted in open court that he is, in fact, guilty of the offense with

10  which he is charged, he may not thereafter raise independent claims relating to the

11  deprivation of constitutional rights that occurred prior to the entry of judgment." *Tollett v.*

12  *Henderson*, 411 U.S. 258, 267 (1973). A guilty plea entered by a prisoner represents a

13  break in the chain of events which precedes the plea in the criminal process, and as such,

14  operates to preclude a prisoner from raising independent claims relating to the deprivation

15  of constitutional rights that allegedly occurred prior to the entry of the plea. *Burrows v.*

16  *Engle*, 545 F.3d 552, 553 (6th Cir. 1976). "[W]hen the judgment of conviction upon a guilty

17  plea has become final and the offender seeks to reopen the proceeding, the inquiry is

18  ordinarily confined to whether the underlying plea was both counseled and voluntary. If

19  the answer is in the affirmative then conviction and the plea, as a general rule, forecloses

20  collateral attack." *United States v. Broce*, 488 U.S. 563, 569 (1989). In this case,

21  petitioner, who was represented by counsel, pled guilty to one count of coercion. (Exhs.

22  41 & 42). Accordingly, the denial of bail claim is barred from federal review under *Tollett*.

23      Moreover, the record belies the claim that petitioner was coerced into entering his

24  guilty plea. The record reflects that petitioner informed the state district court that no one

25  had forced or coerced him to enter his plea, that he had read the guilty plea agreement

26  and that he had gone through it with his attorney, that he read and fully understood the

27  constitutional and procedural rights that were outlined in the agreement, that his attorney

28  had answered any questions he had regarding his constitutional and procedural rights,

that he did not have any questions regarding the information, that pleading guilty was in his best interest, and that the reason he decided to enter his guilty plea was to avoid a possible harsher penalty should he be convicted of the original charges at trial. (Exh. 41, at pp. 5-8).

Regarding petitioner's claim that his trial counsel was ineffective for not challenging the district court's decision to deny bail, the Nevada Supreme Court held:

> [A]ppellant claimed that trial counsel was ineffective for failing to inform appellant of the right to challenge the district court's decision to deny bail. Appellant failed to demonstrate the underlying facts of this claim by a preponderance of the evidence because appellant failed to question counsel at the evidentiary hearing regarding this issue. Moreover, appellant failed to demonstrate prejudice. He failed to demonstrate that there was a reasonable probability that he would not have pleaded guilty had counsel informed appellant of the right to challenge the denial of bail. Therefore, the district court did not err in denying this claim.

(Exh. 152 at 2-3.) Additionally, the Nevada Supreme Court found:

> Appellant received a tremendous benefit by pleading guilty. He was originally charged with six counts of lewdness with a minor under the age of fourteen, with each count carrying a sentence of ten years to life in prison. NRS 201.230. Instead, he pleaded guilty pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to coercion (sexually motivated), and received a sentence of 28 to 72 months in prison.

(Exh. 152 at 2). The factual findings of the state courts are presumed correct. 28 U.S.C. § 2254(e)(1); see Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir. 2004). Petitioner failed to demonstrate that his counsel's performance was deficient or that he was prejudiced under Strickland. Petitioner has not shown a reasonable probability that, but for trial counsel's alleged errors, he would not have pleaded guilty, but would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. at 58.

Regarding petitioner's claim of ineffective assistance of appellate counsel, the Nevada Supreme Court ruled:

> Next, appellant claimed that appellate counsel was ineffective. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. Kirksey v. State, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Appellate counsel is not required to raise every non-frivolous issue on appeal. Jones v.

9

1

<u>Barnes</u>, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. <u>Ford v. State</u>, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). Both components of the inquiry must be shown. <u>Strickland v. Washington</u>, 466 U.S. 668,697 (1984).

Appellant claims that appellate counsel was ineffective for failing to consult with appellant about his direct appeal. Appellant claims that had appellate counsel consulted with him, he would have raised a claim regarding being wrongfully denied bail, that he was convicted based on the facts that were known to be false, and about alleged errors in the psychosexual evaluation. Appellant failed to demonstrate that he was prejudiced. Appellant failed to demonstrate a reasonable probability of a different outcome on appeal had appellate counsel consulted with him and raised these issues on appeal. First, appellant failed to demonstrate that he was wrongfully denied bail. Appellant was remanded for a competency hearing and was released on his own recognizance after being found competent and entering his plea. Second, as stated above, appellant failed to demonstrate he was convicted based on facts that were known to be false. Finally, the evaluation correctly states that appellant was previously convicted of two crimes. Therefore, the district court did not err in denying these claims.

(Exh. 152 at 4-5.) The factual findings of the state courts are presumed correct. 28 U.S.C. § 2254(e)(1); *see Taylor v. Maddox*, 366 F.3d at 999. Petitioner failed to demonstrate that his appellate counsel's performance was deficient in that it fell below an objective standard of reasonableness. Petitioner has failed to demonstrate that he suffered prejudice such that the alleged omitted issues would have a reasonable probability of success on appeal. *See Jones v. Barnes*, 463 U.S. at 751-54.

As to all claims in Ground 1 of the federal petition, petitioner has failed to meet his burden of proving that the Nevada Supreme Court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the rulings were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief as to the entirety of Ground 1 of the federal petition.

## C.    Ground 2

Petitioner claims that his conviction and sentence are unconstitutional in violation of his due process rights. Petitioner alleges that his plea was the result of "improper judicial coercion." Petitioner claims the state court remanded him to custody and refused to re-admit him to bail unless he accepted the State's proposed plea bargain. Petitioner

alleges that his trial counsel coerced him into pleading guilty by telling him that he would not be released on bail unless he agreed to plead guilty. (ECF No. 5 at 5; ECF No. 5-1, Attachment to Petition, Part (b) at 4-9.)

Under federal law, to be valid, a guilty plea must be knowing, voluntary, and intelligent. *U.S. v. Brady*, 397 U.S. 742, 748 (1970). A guilty plea must represent a voluntary and intelligent choice among alternative courses of action open to a defendant. *Hill v. Lockhart,* 474 U.S. at 56. Advice for a guilty plea does not require a description of every element of the offense. *Bargas v. Burns*, 179 F.3d 1207, 1216 (9th Cir. 1999) (citation omitted). The court looks to what a defendant reasonably understood at the time of the plea. *U.S. v. Quan*, 789 F.2d 711, 713 (9th Cir. 1986). The record must demonstrate that the defendant understands that he is waiving his privilege against self-incrimination, his right to a jury trial, and his right to confront accusers. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Anderson*, 993 F.2d 1435, 1438 (9th Cir. 1993) (defendant's statements, made in open court at time of his plea, are entitled to great weight).

With respect to petitioner's claim that his guilty plea was involuntary, the state district court ruled as follows:

> On May 12, 2009, Defendant filed a Motion to Withdraw his Guilty Plea, claiming it was not knowingly and voluntarily entered because he was depressed at the time he entered his plea. The State opposed Defendant's motion on May 21, 2009. At the hearing on the motion on May 27, 2009, the District Court found that Defendant's plea was knowingly, voluntarily and intelligently entered, and denied Defendant's motion.

(Exh. 131 at 2.) The Nevada Supreme Court rejected petitioner's claim his guilty plea was the result of improper judicial coercion concerning bail:

> [A]ppellant claimed that his plea was involuntary because the district court remanded him without bail even after the district court accepted the plea agreement. This claim is without merit. The district court's action after the plea had been accepted could not have affected the voluntariness of the plea. Further this claim is belied by the record because the district court did not remand appellant without bail after the plea was accepted, instead he was released on his own recognizance.

(Exh. 152 at 5.)  Again, the factual findings of the state courts are presumed correct. 28 U.S.C. § 2254(e)(1); *see Taylor*, 366 F.3d at 999. Petitioner's claim that the state district court remanded him to custody and refused to re-admit him to bail unless he accepted the State's proposed plea bargain is unsupported by evidence. The record belies the claim that petitioner was coerced into entering his guilty plea. The record reflects that petitioner informed the state district court that no one had forced or coerced him to enter his plea, that he had read the guilty plea agreement and that he had gone through it with his attorney, that he read and fully understood the important constitutional and procedural rights that are fully outlined in the plea agreement, that his attorney had answered any questions he had regarding his constitutional and procedural rights, that he did not have any questions regarding the information, that pleading guilty was in his best interest, and that a reason he decided to enter his guilty plea was to avoid a possible harsher penalty should he be convicted of the original charges at trial. (Exh. 41 at 5-8.)

Regarding petitioner's claim that his trial counsel coerced him into entering a guilty plea, the Nevada Supreme Court ruled as follows:

> [A]ppellant claimed that trial counsel was ineffective for coercing him into pleading guilty because counsel told him he would not be re-released on bail unless he pleaded guilty. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. Trial counsel testified at the evidentiary hearing that he did not recall making this statement to appellant. Further, appellant failed to demonstrate that he was coerced. Appellant acknowledged in the guilty plea agreement and at the change of plea hearing that he was not coerced or made any promises that were not on the face of the guilty plea agreement. Moreover, appellant failed to demonstrate a reasonable probability of a different outcome had trial counsel not made the alleged statement. Appellant received a tremendous benefit by pleading guilty. He was originally charged with six counts of lewdness with a minor under the age of fourteen, with each count carrying a sentence of ten years to life in prison. NRS 201.230. Instead, he pleaded guilty pursuant to <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), to coercion (sexually motivated), and received a sentence of 28 to 72 months in prison. Therefore, the district court did not err in denying this claim.

(Exh. 152 at 2.) The factual findings of the state courts are presumed correct. 28 U.S.C. § 2254(e)(1); *see Taylor*, 366 F.3d at  999. Petitioner failed to demonstrate that his counsel's performance was deficient or that he was prejudiced under *Strickland*. Petitioner has not shown a reasonable probability that, but for trial counsel's alleged

1    actions, that he would not have pleaded guilty, but would have insisted on going to trial.

2    *See Hill v. Lockhart*, 474 U.S. at 58.

3          With respect to all issues raised in Ground 2, petitioner has failed to meet his

4    burden of proving that the Nevada Supreme Court's rulings were contrary to, or involved

5    an unreasonable application of, clearly established federal law, as determined by the

6    United States Supreme Court, or that the rulings were based on an unreasonable

7    determination of the facts in light of the evidence presented in the state court proceeding.

8    Habeas relief is denied on all claims in Ground 2 of the federal petition.

9          **D.    Ground 3**

10         Petitioner claims that his right to the effective assistance of counsel was violated

11   because his counsel failed to inform him of the option of challenging the judge's denial of

12   bail on February 25, 2009, and again on March 25, 2009. (ECF No. 5 at 7.) Petitioner

13   claims that his *Alford* guilty plea was the result of this and he would not have accepted

14   the plea negotiation had he been aware of the option to challenge the judge's decision.

15   (ECF No. 5-1, Attachment to Petition, Part (c) at 9-10.) The Nevada Supreme Court

16   addressed this claim, as follows:

17         [A]ppellant claimed that trial counsel was ineffective for failing to inform
           appellant of the right to challenge the district court's decision to deny bail.
18         Appellant failed to demonstrate the underlying facts of this claim by a
           preponderance of the evidence because appellant failed to question
19         counsel at the evidentiary hearing regarding this issue. Moreover, appellant
           failed to demonstrate prejudice. He failed to demonstrate that there was a
20         reasonable probability that he would not have pleaded guilty had counsel
           informed appellant of the right to challenge the denial of bail. Therefore, the
21         district court did not err in denying this claim.

22   (Exh. 152 at 2-3.) The factual findings of the state courts are presumed correct. 28 U.S.C.

23   § 2254(e)(1). Petitioner failed to demonstrate that his counsel's performance was

24   deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his

25   burden of proving that the Nevada Supreme Court's rulings were contrary to, or involved

26   an unreasonable application of, clearly established federal law, as determined by the

27   United States Supreme Court, or that the rulings were based on an unreasonable

28   ///

determination of the facts in light of the evidence presented in the state court proceeding. The Court denies habeas relief as to Ground 3 of the federal petition.

### E.    Ground 4

Petitioner claims that his conviction and sentence violate his right to counsel and due process because his counsel had a conflict of interest. Petitioner claims that his counsel represented him at a presentence motion to withdraw his plea at which his counsel's prior performance was at issue. Petitioner claims that he was released on his own recognizance after he entered his *Alford* plea, he was referred to a clinical psychologist for a psycho-sexual evaluation, and the psychologist determined that he was a high risk to re-offend. Petitioner alleges that he decided to try to withdraw his plea. Petitioner claims he contacted his counsel, who informed him that he could no longer act as his counsel. Petitioner claims that his counsel informed him that a motion to withdraw his plea must be made before he was sentenced, and told petitioner that he would file the motion due to the temporal proximity to sentencing. Petitioner alleges that his counsel filed a motion to withdraw his plea in which he requested the matter be placed on calendar to address the motion and appoint new counsel. Petitioner claims that he was not informed of the date and time of the hearing on May 18, 2009, and therefore did not attend the hearing. Petitioner claims that an associate of his counsel appeared at the hearing and prepared the motion. Petitioner claims that on May 27, 2009, his counsel represented him at the hearing on the motion to withdraw his plea. Petitioner claims that the guilty plea agreement he signed does not reflect that he would receive probation if his psycho-sexual evaluation deemed him not a high risk to re-offend. Petitioner claims that created a conflict of interest. Petitioner claims that his appellate counsel failed to consult with him and did not obtain transcripts of hearings held on February 25, 2009, May 18, 2009, or June 3, 2009, which petitioner claims were significant. Petitioner claims that he requested the transcripts but his requests were denied. Petitioner claims that the motion to withdraw his plea focused on his emotional issues, which he concedes were true, but constituted the weakest issues. Petitioner claims that his counsel should have argued the "judicial

14

1  coercion" issue. Petitioner also claims that, at the hearing, his counsel told the court that

2  there were a number of representations his client would like to make in reference to the

3  facts and placed him under oath without warning, preparation, or further assistance. (ECF

4  No. 5 at 9; ECF No. 5-1, Attachment to Petition, Part (d) at 11-19.)

5        The state district court ruled that petitioner failed to demonstrate that his trial

6  counsel had a conflict of interest. (Exh. 131 at 3.) The Nevada Supreme Court addressed

7  the claim of conflict of interest as follows:

8            Finally, Mead contends that the district court erred by failing to appoint

9  conflict-free counsel for the hearing because Mead alleged that his counsel was ineffective. Beals v. State, 106 Nev. 729, 731, 802 P.2d 2, 4 (1990) (a defendant has a right to counsel at a hearing on a motion to withdraw a

10  guilty plea); Crump v. Warden, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997) (a right to counsel necessarily implies the right to effective assistance of counsel); Clark v. State, 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992)

11  (this court presumes that a defendant has been prejudiced if counsel has an actual conflict of interest with his client). However, neither Mead's motion

12  to withdraw, nor his reply to the State's opposition allege that Mead's counsel was ineffective; similarly, Mead did not indicate at the hearing on

13  the motion that he was dissatisfied with the performance of his counsel. Thus, we conclude that the district court did not err by failing to appoint

14  separate counsel for the motion to withdraw.

15

16  (Exh. 62 at 2.)

17        Notably, petitioner's motion to withdraw his guilty plea provided no reason why he

18  sought to withdraw the plea. (Exh. 44.) The State opposed petitioner's motion and noted

19  that he had not provided any basis upon which the plea might be withdrawn. (Exh. 46.) In

20  his reply, petitioner claimed to have been "depressed" at the time he entered his plea.

21  (Exh. 47 at 2.) At the hearing on the motion to withdraw his plea, when the court

22  questioned petitioner why he wanted to withdraw his plea, he stated he wanted to

23  because he was depressed the day he entered the plea. (Exh. 48 at 3.) The judge asked

24  petitioner if he had anything else to offer and petitioner stated that he "felt coerced under

25  the circumstance that I had been free on bond prior to being sent for a mental evaluation,

26  and that I would not be released unless I accepted the plea at that time." (Exh. 48 at 3.)

27  Petitioner's motion did not allege a conflict of interest. (Exh. 48.) At no time did petitioner

28  claim that his counsel told him that he would not be released on bail unless he pleaded

guilty. Petitioner did not claim that the court told him that he would not be released on bail

unless he pleaded guilty. Instead, the basis of the motion to withdraw his guilty plea was

petitioner's assertion that he was depressed.

To the extent that petitioner claims his counsel was ineffective for representing him

during his motion to withdraw his guilty plea because of a conflict of interest, the Nevada

Supreme Court ruled as follows:

> [A]ppellant claimed that trial counsel was ineffective because it was a
> conflict for trial counsel to represent him during his motion to withdraw the
> guilty plea. The underlying claim was raised and rejected on appeal. See
> Mead v. State, Docket No. 54144 (Order of Affirmance, February 3, 2010).
> Because this court already concluded that appellant's underlying claim
> lacked merit, appellant necessarily failed to demonstrate prejudice.
> Therefore, the district court did not err in denying this claim.

(Exh. 152 at 3.)

With respect to the claims of ineffective assistance of appellate counsel, the

Nevada Supreme Court ruled:

> Appellant claims that appellate counsel was ineffective for failing to consult
> with appellant about his direct appeal. Appellant claims that had appellate
> counsel consulted with him, he would have raised a claim regarding being
> wrongfully denied bail, that he was convicted based on the facts that were
> known to be false, and about alleged errors in the psychosexual
> evaluation. Appellant failed to demonstrate that he was prejudiced.
> Appellant failed to demonstrate a reasonable probability of a different
> outcome on appeal had appellate counsel consulted with him and raised
> these issues on appeal. First, appellant failed to demonstrate that he was
> wrongfully denied bail. Appellant was remanded for a competency hearing
> and was released on his own recognizance after being found competent
> and entering his plea. Second, as stated above, appellant failed to
> demonstrate he was convicted based on facts that were known to be false.
> Finally, the evaluation correctly states that appellant was previously
> convicted of two crimes. Therefore, the district court did not err in denying
> these claims.

(Exh. 152 at 5.) The factual findings of the state courts are presumed correct. 28 U.S.C.

§ 2254(e)(1). Petitioner failed to demonstrate that his counsel's performance was

deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his

burden of proving that the Nevada Supreme Court's rulings were contrary to, or involved

an unreasonable application of, clearly established federal law, as determined by the

United States Supreme Court, or that the rulings were based on an unreasonable

16

1    determination of the facts in light of the evidence presented in the state court proceeding.

2    This Court denies habeas relief as to Ground 4 of the federal petition.

3    **F.    Ground 5**

4    Petitioner alleges that his conviction and sentence were based on evidence known

5    to be false by the State of Nevada. Petitioner claims that during the entry of his plea, when

6    canvassed by the court for a factual basis, the State proffered evidence it knew to be

7    false. Petitioner claims that in response to the judge's inquiry of what facts the State would

8    seek to prove if the matter were to go to trial, the State replied that it would have shown

9    that petitioner fondled two children's penises. Petitioner claims that the State knew the

10   facts presented during the plea colloquy were false because the children denied the

11   fondling occurred at the preliminary hearing and because the court dismissed both counts

12   of fondling. Petitioner also claims that his trial counsel was ineffective for failing to object

13   properly to the admission of false evidence. Petitioner alleges that his appellate counsel

14   was ineffective for not raising the issue on direct appeal. (ECF No. 5 at 11; ECF No. 5-2,

15   Attachment to Petition, Part (e) at 1-6.)

16   The record reflects that during the plea canvass, the prosecutor stated that, if the

17   case went to trial, the State would have shown that petitioner "fondled the butt of DF, age

18   six . . . also fondled DF's penis under his clothes," and "fondled DF's butt while he was

19   playing a video game." (Exh. 41 at 7.) The prosecutor stated it would have shown that

20   petitioner "also fondled LF, age nine, fondled his penis while climbing over a gate,"

21   "fondled LF's butt under his clothes," and "fondled LF's inner thigh while he was playing

22   a computer game." (*Id.*) It is correct that, at the preliminary hearing, DF and LF denied

23   that petitioner touched their genitals during "the gate incident." (Exh. 18 at 30-32 and 69-

24   71). Detective Demas, however, testified that LF told him that he and his brother DF were

25   going over a gate into petitioner's backyard and petitioner fondled their genitals. (Exh. 18

26   at 87-90.) Demas further testified that petitioner admitted that he had grabbed the boys

27   in the groin area. (Exh. 18 at 89-90.)

28   ///

Although petitioner denied the conduct to which he pleaded guilty, petitioner's guilty plea was a voluntary and intelligent choice among the alternative courses of action. The record reflects that petitioner informed the state district court that no one had forced or coerced him to enter his plea, that he had read the guilty plea agreement and that he had gone through it with his attorney, that he read and fully understood the important constitutional and procedural rights that are fully outlined in the plea agreement, that his attorney had answered any questions he had regarding his constitutional and procedural rights, that he did not have any questions regarding the information, that pleading guilty was in his best interest, and that a reason he decided to enter his guilty plea was to avoid a possible harsher penalty should he be convicted of the original charges at trial. (Exh. 41 at 5-8.) As noted by the Nevada Supreme Court, petitioner received a "tremendous benefit" by entering his plea. (Exh. 152 at 2.) Petitioner was originally charged with six counts of lewdness with a minor under the age of fourteen, with each count carrying a sentence of ten years to life in prison. NRS § 201.230. Instead petitioner entered an *Alford* plea to sexually motivated coercion and received a sentence of 28 to 72 months in prison. The state district court ruled that petitioner entered his guilty plea freely and voluntarily. (Exh. 131.) The Nevada Supreme Court found that petitioner failed to demonstrate that he was convicted on facts that were known to be false. (Exh. 152 at 5.)

Regarding petitioner's claim that his trial counsel was ineffective for failing to object properly to the admission of false evidence., the Nevada Supreme Court rejected the claim, as follows:

> Appellant claimed that trial counsel was ineffective for failing to challenge the conviction because it was based on evidence that was known to be false. Appellant failed to demonstrate the underlying facts of this claim by a preponderance of the evidence because appellant failed to question counsel at the evidentiary hearing regarding this issue. Moreover, appellant failed to demonstrate prejudice. He failed to demonstrate that there was a reasonable probability that he would have decided not to plead guilty had counsel challenged the evidence. Therefore, the district court did not err in denying this claim.

(Exh. 152 at 4.) Petitioner failed to demonstrate that his counsel's performance was deficient or that he was prejudiced under *Strickland*.

Also in Ground 5, petitioner alleges that his appellate counsel was ineffective for not raising on appeal a claim that he was convicted based on facts known to be false. In denying petitioner's claim, the Nevada Supreme Court noted that, as found earlier, petitioner failed to demonstrate that he was convicted based on facts that were known to be false. (Exh. 152 at 5.) The Nevada Supreme Court ruled that petitioner failed to demonstrate a reasonable probability of a different outcome if appellate counsel had raised this issue on appeal. (*Id.*) The factual findings of the state courts are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the rulings were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Ground 5 of the federal petition is denied in its entirety.

## G.    Ground 6

Petitioner alleges that he was sentenced based on assumptions about his criminal record that were materially untrue. Petitioner contends that the psychosexual evaluation (PE) and pre-sentence investigation (PSI) report, prepared by the Department of Parole and Probation ("DPP"), contained incorrect and misleading information. Petitioner alleges that the risk assessment in the psychosexual evaluation was based on a non-existent conviction and other false information. Petitioner claims that the PSI reflected that he had not been employed in the 12 months prior to the preparation of the report, when, in fact, the had been employed all 12 months. Petitioner claims that the PSI reported that he had been convicted of 3 prior misdemeanors when he had only been convicted of 2 such offenses. Petitioner claims that a date reflected in the PSI, July 29, 1982, was the sentencing date in a case he had in California, not the date of his arrest, for the crime of annoying or molesting a minor. Petitioner claims he was convicted of only one prior sex offense, instead of three as reflected in the PSI. Petitioner claims the offense synopsis in the PSI is false because it is not supported by and was contradicted by the victims at the

preliminary hearing ("the gate incident"). Petitioner claims that DPP failed to provide Dr. Paglini with any statements made by the victims, in contravention of its duties under NRS § 176.139(5) and thus, Dr. Paglini failed to review those statements as required by NRS § 176.139(3)(b). Petitioner claims that Dr. Paglini's psychosexual report fails to meet the minimum requirements of NRS § 176.139. Petitioner claims that the State violated the plea negotiations by arguing for the maximum term after Dr. Paglini reported that petitioner was a high-risk to re-offend. Petitioner claims that his score of 6 (high risk) on the evaluation was incorrect and that his score should have been a 3 (low-moderate risk). (ECF No. 5 at 13; ECF No. 5-2, Attachment to Petition, Part (f) at 6-17.)

In the motion for modification of his sentence filed in state court, petitioner made the same arguments that are alleged in Ground 6 of the federal petition. Petitioner alleged that when sentencing him, the state district court relied on errors in his presentence investigation report and psychosexual evaluation. (Exh. 96.) The state district court denied the motion for modification of sentence. (Exh. 100.) Petitioner appealed. (Exh. 102.) On June 8, 2011, the Nevada Supreme Court affirmed the denial of petitioner's motion for modification of his sentence. (Exh. 130.) The Nevada Supreme Court determined that petitioner failed to demonstrate that the state district court had relied on mistaken assumptions that worked to his detriment. (*Id.*) The factual findings of the state courts are presumed correct. 28 U.S.C. § 2254(e)(1). There is no indication that the Nevada Supreme Court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the rulings were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Additionally, petitioner's allegations that the pretrial investigation report and psychosexual report failed to comply with NRS § 176.139, NRS § 176.139(3), NRS § 176.139(5) are issues of state law that are not cognizable as a federal habeas claim. A state prisoner is entitled to habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); *Engle v. Isaac,*

456 U.S. at 119. A federal writ may not issue on the basis of a perceived error of state law. *Pulley v. Harris*, 456 U.S. 37. Federal habeas corpus cannot be utilized to try state issues *de novo*. *Milton v. Wainwright*, 407 U.S. 371.

With respect to petitioner's claim that the prosecutor violated the plea agreement by arguing for the maximum sentence, the claim lacks merit. Pursuant to the guilty plea agreement, the State agreed not to oppose probation if petitioner's psychosexual evaluation determined that he was not a high risk to re-offend. (Exh. 42.) If petitioner was found to be a high risk to re-offend pursuant to the psychosexual evaluation, the State retained the full right to argue for the maximum sentence. (*Id.*) Dr. Paglini's psychosexual report concluded that petitioner was at a high risk to re-offend. Under these circumstance, nothing in the plea agreement prevented the prosecutor from arguing for the maximum sentence. The Court denies habeas relief as to this claim and as to Ground 6 in its entirety.

### H.    Ground 7

Petitioner alleges that his counsel was ineffective at sentencing. Petitioner alleges that his counsel failed to review the PSI with him and failed to discover materially false information contained in the PSI. Petitioner contends that the court continued his sentencing hearing to June 3, 2009, after determining that he had not had an opportunity to review the PSI or the psychosexual evaluation (risk assessment). Petitioner claims he was given a copy of the psychosexual evaluation but not a copy of the PSI. Petitioner claims his sentencing hearing was again continued to June 10, 2009. At the sentencing hearing, petitioner claims that he pointed out the discrepancy in the psychosexual evaluation regarding the requirements of § NRS 176.139(3)(b). Petitioner claims that, contrary to NRS § 176.156, neither his counsel nor the court ever afforded him an opportunity to make informed comments on or responses to any factual assertion in the PSI. (ECF No. 5 at 15; ECF No. 5-2, Attachment to Petition, Part (g) at 17-19.)

Petitioner's allegation of a violation of NRS § 176.139(3)(b) is an issue of state law that is not cognizable in this federal habeas corpus action. A state prisoner is entitled to

1   habeas relief only if he is being held in custody in violation of the constitution, laws, or
2   treaties of the United States. 28 U.S.C. § 2254(a); *Engle*, 456 U.S. at 119.

3        At the sentencing hearing on June 10, 2009, petitioner's counsel made an oral
4   motion to strike the psychosexual evaluation on the basis that the proper diagnostic tests
5   were not used in conducting the evaluation. (Exh. 49 at 2-4.) The Court denied the motion
6   to strike the psychosexual evaluation. (*Id.* at 5.) Aside from disputing the diagnostic tests
7   used, petitioner did not object to any of the contents of the PSI or the psychosexual
8   evaluation at sentencing. (Exh. 49.) Petitioner's failure to object constituted a waiver as
9   to the other alleged inaccuracies in the documents.

10       Later, on August 20, 2010, petitioner filed a motion for modification of sentence.
11  (Exh. 96.) In his motion, petitioner argued that the PSI and the psychosexual evaluation
12  contained errors relied upon by the sentencing court, which petitioner alleges in Ground
13  7 of his federal habeas petition. (Exh. 96.) The state district court denied petitioner's
14  motion for modification of sentence. (Exh. 100.) Petitioner appealed and the Nevada
15  Supreme Court affirmed the denial of the motion for modification of sentence because
16  petitioner failed to demonstrate that the district court relied on mistaken assumptions
17  regarding his criminal record that worked to his extreme detriment. (Exh. 130.)

18       With respect to petitioner's claim that counsel was ineffective for failing to discuss
19  the psychosexual evaluation or the PSI with him prior to sentencing, the Nevada Supreme
20  Court rejected the claim as follows:

21       [A]ppellant claimed that trial counsel was ineffective for failing to discuss the
         psychosexual evaluation or PSI with appellant prior to sentencing. This
22       claim is not supported by the record and the testimony given at the
         evidentiary hearing. Appellant's first sentencing hearing was postponed for
23       a week so that he could discuss the psychosexual evaluation and the PSI
         with counsel. Counsel and appellant both testified that they discussed the
24       evaluation and the PSI prior to the sentencing hearing. Therefore, the
         district court did not err in denying this claim.
25

26  (Exh. 152 at 4.) The factual findings of the state courts are presumed correct. 28 U.S.C.
27  § 2254(e)(1). Petitioner failed to demonstrate that his counsel's performance was
28  deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his

burden of proving that the Nevada Supreme Court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the rulings were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court denies habeas relief on Ground 7 of the federal petition.

## I.   Ground 8

Petitioner claims that his appellate counsel was ineffective for failing to consult with him before filing an appellate brief. (ECF No. 5 at 17; ECF No. 5-2, Attachment to Petition, Part (h) at 19-21.) The Nevada Supreme Court rejected petitioner's claim, as follows:

> Appellant claims that appellate counsel was ineffective for failing to consult with appellant about his direct appeal. Appellant claims that had appellate counsel consulted with him, he would have raised a claim regarding being wrongfully denied bail, that he was convicted based on the facts that were known to be false, and about alleged errors in the psychosexual evaluation. Appellant failed to demonstrate that he was prejudiced. Appellant failed to demonstrate a reasonable probability of a different outcome on appeal had appellate counsel consulted with him and raised these issues on appeal. First, appellant failed to demonstrate that he was wrongfully denied bail. Appellant was remanded for a competency hearing and was released on his own recognizance after being found competent and entering his plea. Second, as stated above, appellant failed to demonstrate he was convicted based on facts that were known to be false. Finally, the evaluation correctly states that appellant was previously convicted of two crimes. Therefore, the district court did not err in denying these claims.

(Exh. 152 at 5.) Petitioner failed to demonstrate that his appellate counsel's performance was deficient in that it fell below an objective standard of reasonableness. Petitioner has failed to demonstrate that he suffered prejudice such that the alleged omitted issues would have a reasonable probability of success on appeal. *See Jones v. Barnes*, 463 U.S. at 751-54. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the rulings were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court denies habeas relief on Ground 8 of the federal petition.

///

## IV.    CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's denial of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

## V.    CONCLUSION

It is therefore ordered that the petition for a writ of habeas corpus is denied with prejudice.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of Court enter judgment accordingly.

DATED THIS 23rd day of March2017.

_____
MIRANDA M. DU
UNITED STATED DISTRICT JUDGE